UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDAN M. CASEY,

    Plaintiff,

v.                                                CASE NO: 8:12-cv-852-T-23EAJ

ANY SEASON INSULATION, LLC,
et al.,

    Defendant.
_____/

**<u>ORDER</u>**

On September 27, 2012, the mediator announced (Doc. 27) a settlement in this action under the Fair Labor Standards Act, 29 U.S.C. § 201-219.  An October 31 order (Doc. 33) directs the parties to submit the settlement agreement for approval. *See Lynn's Food Stores v. United States*, 679 F.2d 1350 (11th Cir. 1982).  Instead, the parties submit under Rule 41(a)(1)(A)(ii), Federal Rules of Civil Procedure, a joint stipulation of dismissal with prejudice (Doc. 34).

In accord with *Anago Franchising v. Shaz*, LLC, 677 F.3d 1272 (11th Cir. 2012) (Wilson, J.) ("District courts need not and may not take action after the stipulation becomes effective."), the parties' self-executing stipulation under Rule 41(a)(1)(A)(ii) immediately divests the district court of jurisdiction.  But, "if the employer extracts a compromise, the release of an FLSA claim approved by neither the Department of Labor nor the district court remains unenforceable." *Dees v. Hydradry, Inc.*, 706

Case 8:12-cv-00852-SDM-EAJ   Document 35   Filed 11/19/12   Page 2 of 2 PageID 110

F. Supp. 2d 1227, 1237 (M.D. Fla. 2010) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 708 (1945)).  In other words, a "bargained for legal detriment" to the employee (other than a simple release of the asserted claim) or a benefit to the employer requires approval from a district court or the Department of Labor.  Absent approval, the settlement, like the settlement in *Lynn's Food*, is unenforceable.

The action is **DISMISSED**.  The clerk is directed to close the case.

ORDERED in Tampa, Florida, on November 19, 2012.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE